1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9

10   | JONQUIL THOMAS-WEISNER, | Case No.: 3:19-cv-1999-JAH-BGS |

11   CDCR #AR-5757,

**ORDER:**

12                                    Plaintiff,

**1) GRANTING MOTION TO**
13          vs.
**PROCEED IN FORMA PAUPERIS**
14   CONNIE GIPSON; PATRICK          **[ECF No. 2]**
     COVELLO; LANCE ESHELMAN; M.
15   VOONG,                          **2) DENYING MOTION TO APPOINT**
                                     **COUNSEL;**
16                                   Defendant.
17                                   **3) DISMISSING DEFENDANTS**
                                     **GIPSON AND VOONG FOR**
18                                   **FAILING TO STATE A CLAIM;**
                                     **AND**
19
20
21                                   **4) DIRECTING U.S. MARSHAL TO**
                                     **EFFECT SERVICE OF COMPLAINT**
22                                   **AND SUMMONS PURSUANT TO**
                                     **28 U.S.C. § 1915(d) AND**
23                                   **Fed. R. Civ. P. 4(c)(3)**

24

25        Jonquil Thomas-Weisner ("Plaintiff"), currently incarcerated at Centinela State

26   Prison ("CEN") located in Imperial, California, and proceeding pro se, has filed a civil

27   rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  Plaintiff

28   alleges Defendants violated his First Amendment rights and rights under the Religious

1

Land Use and Institutionalized Persons Act ("RLUIPA") by revoking his right to receive a religious diet when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD"). (*Id.* at 4-5.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), along with a Motion to Appoint Counsel (ECF No. 3).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by a trust account official. *See* ECF No. 3 at 1-4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of $395.56 and maintained $230.38 in average monthly deposits to his trust account for the 6-months preceding the filing of this action. *See* ECF No. 3 at 1.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $79.11 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Secretary of the CDCR, or his designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

/ / /

/ / /

3:19-cv-1999-JAH-BGS

## II.     Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel.  (ECF No. 3.)  However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court agrees that pro se litigants may be better served with the assistance of counsel—but that is not the test. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of counsel based on claims that pro se plaintiff "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."), *withdrawn in part on reh'g en banc and overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). "Concerns regarding investigation and discovery are … not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro litigants." *Wells v. Washington State Dep't of Corr*., No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Plaintiff's Complaint suggests he is incapable of articulating the factual basis for his claims, which are "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Plaintiff's Complaint under the standards of review discussed below, that he has pleaded sufficient factual content to state a plausible claim for relief.

3:19-cv-1999-JAH-BGS

1    In addition, while Plaintiff may have sufficiently *pleaded* claims at this preliminary

2    stage of the proceedings, he has yet to demonstrate and it is too soon to tell whether there

3    is a likelihood of success on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*,

4    739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could

5    articulate his claims in light of the complexity of the issues involved, but did not show

6    likelihood of succeed on the merits).

7         Therefore, the Court finds no "exceptional circumstances" exist at this preliminary

8    stage of the case and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3)

9    without prejudice on that basis.

10   **III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

11          A.    Standard of Review

12         Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a

13   pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

14   statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

15   it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

16   who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

17   (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

18   2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that

19   the targets of frivolous or malicious suits need not bear the expense of responding.'"

20   *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

21   *Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

22         "The standard for determining whether a plaintiff has failed to state a claim upon

23   which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

24   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

25   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

26   Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

27   applied in the context of failure to state a claim under Federal Rule of Civil Procedure

28   12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

5

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

B.    Factual allegations

On June 20, 2018, Plaintiff's application for a religious diet was returned with "'denied' written across it with no further explanation." (Compl. at 4.) Plaintiff "began the grievance process." (*Id.*) Plaintiff received a "Second Level Response" to his grievance on October 17, 2018. (*Id.*) In this response, it was noted that Plaintiff "arrived to RJD on April of 2018" and "requested to be placed on the [religious] diet." (*Id.*) This was treated as a "new request." (*Id.*) A "review" of Plaintiff's "canteen purchases was conducted, which revealed [Plaintiff] was purchasing items not consistent with the diet requested." (*Id.*) Plaintiff alleges defendants "did not follow guidelines" when denying Plaintiff's request. (*Id.*)

On August 3, 2018, Plaintiff arrived at CEN and "attempted to apply for [his] RMA diet to no avail." (*Id.* at 5.) Plaintiff again initiated the grievance process. (*See id.*) Defendant Voong "denied both sets of appeals" at the "Third Level of Review." (*Id.*) Plaintiff seeks injunctive relief along with compensatory and punitive damages. (*See id.* at 7.)

C.     Defendant Gipson

Plaintiff seeks to hold Defendant Gipson liable because she is the "Director of the Cal. Dept. of Corrections & Rehabilitation" and is "legally responsible for overall operation" of the CDCR. (Compl. at 2.) There are no other allegations against Gipson contained in the body of Plaintiff's Complaint. While Defendant Gipson may be subject to suit under § 1983, Plaintiff fails to include "further factual enhancement" to describes when, how, or to what extent, Defendant Gipson personally caused him any injury. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Therefore, Defendant Gipson is DISMISSSED from this action for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

D.     Grievance Processing

Plaintiff also fails to state a plausible claim against Defendant Voong to the extent he challenges validity of his decisions with respect to the processing or outcomes of his grievances. (*See* Compl. at 4.)

7

A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez*, 334 F.3d at 860 (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [...] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances.").

For these reasons, Plaintiff's allegations are simply insufficient to state a plausible claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW (JC), 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

E.    First Amendment Free Exercise and RLUIPA Claims

With respect to the First Amendment free exercise and RLUIPA claims alleged against Defendants Covello and Eshelman, however, the Court finds the allegations in Plaintiff's Complaint sufficient to survive the "low threshold" set for *sua sponte*

8

screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Walker v. Beard*, 789 F.3d 1125, 1134, 1138 (9th Cir. 2015) (discussing pleading standards for prisoner's free exercise and equal protection claims under the First and Fourteenth Amendments and RLUIPA).

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint upon Defendants Covello and Eshelman on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**IV.    Conclusion and Order**

For the reasons explained, the Court:

1.      **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

2.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3.      **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $79.11 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

5.      **DISMISSES** Defendants Gipson and Voong for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1

6. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint as to Defendants **Covello** and **Eshelman** (ECF No. 1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

7. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants **Covello** and **Eshelman** as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

8. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

9. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on

10

Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

    **IT IS SO ORDERED**.

Dated: January 8, 2020

Hon. John A. Houston
United States District Judge