UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONQUIL THOMAS-WEISNER<br>CDCR #AR-5757,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CONNIE GIPSON; PATRICK<br>COVELLO; LANCE ESHELMAN;<br>M. VOONG,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01999-JAH-BGS<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br>**PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 10]** |

Jonquil Thomas-Weisner ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  Plaintiff alleges Defendants violated his First Amendment rights and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by revoking his right to receive a religious diet when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD").  (*Id.* at 4-5.)

1

## I. Procedural History

Plaintiff initially filed this action pursuant to 42 U.S.C. § 1983 on October 17, 2019. (*See* ECF No. 1.) Plaintiff also filed a Motion to Proceed IFP (*See* ECF No. 2.) On January 8, 2020, the Court granted Plaintiff's Motion to Proceed IFP and dismissed Defendants Gipson and Voong for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915 (e)(2(b)(ii), 1915A(b)(1). (*See* ECF No. 5 at 9.)

However, the Court found that the allegations in Plaintiff's Complaint as to his First Amendment free exercise and RLUIPA claims were "sufficient to survive the 'low threshold' set for *sua sponte* screening pursuant to 28 U.S.C. § 1915 (e)(2(b)(ii) and § 1915A(b)(1). (*Id.* at 8-9.) Thus, the Court directed the United States Marshal Service to effect service of the remaining claims in Plaintiff's Complaint on Defendants Covello and Eshelman. (*See id.*)

On May 11, 2020, Defendants Covello and Eshelman filed a "Motion to Dismiss to Complaint" pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 10.) Plaintiff filed an Opposition to Defendant's Motion, to which Defendant filed a Reply. (*See* ECF Nos. 12, 13.)

The Court has considered Plaintiff's pleadings, as well as Defendants' Motion as submitted, and has determined no oral argument is necessary pursuant to S.D. Cal. CivLR 7.1. For the reasons explained, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 10).

## II. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th

Cir. 2002), including the exhibits attached to it. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.) However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."))); *see also Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determining whether the complaint states a claim for relief).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cnty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## III. Discussion

### A. Defendant's Arguments

Defendants seek dismissal of Plaintiff's Complaint on the grounds: (1) Plaintiff failed to state a claim; (2) they are entitled to qualified immunity; and (3) his request for injunctive relief is moot in light of his transfer to another prison. (*See* ECF No. 10 ("Mem. of P&As in Supp. of Mot. to Dismiss" [hereinafter Defs.' P&As] at 5-8.)

### B. Plaintiff's Factual Allegations

On June 20, 2018, Plaintiff was "transferred from [California Substance Abuse and Treatment Facility ("CSATF")] where [he] was approved for the Religious Meat Alternative (RMA/Halal) diet" on May 14, 2014 to the Richard J. Donovan Correctional Facility ("RJD"). (Compl. at 3.) When Plaintiff arrived at RJD he "completed and mailed an inmate/parolee request for interview" to Chaplain Hadjadja "informing him of [his] dietary requirements," along with his "religious diet request," and "religious diet card." (*Id.*) Plaintiff was later informed by the "Native American Spiritual Leader [NASL]" that he was "being removed from the RMA program due to a canteen purchase in violation of the contract" which was his "first violation." (*Id.*)

///

Plaintiff's application for a religious diet was returned with "denied written across it with no further explanation." (*Id.* at 4.) Plaintiff "began the grievance process." (*Id.*) Plaintiff received a "Second Level Response" to his grievance on October 17, 2018. (*Id.*) In this response, it was noted that Plaintiff "arrived to RJD on April of 2018" and "requested to be placed on the [religious] diet." (*Id.*) This was treated as a "new request." (*Id.*) A review of Plaintiff's "canteen purchases was conducted, which revealed [Plaintiff] was purchasing items not consistent with the diet requested." (*Id.*) Plaintiff alleges Defendants "did not follow guidelines" when denying Plaintiff's request. (*Id.*)

On August 3, 2018, Plaintiff arrived at CEN and "attempted to apply for [his] RMA diet to no avail." (*Id.* at 5.) Plaintiff again initiated the grievance process. (*See id.*) Defendant Voong "denied both sets of appeals" at the "Third Level of Review." (*Id.*) Plaintiff seeks injunctive relief along with compensatory and punitive damages. (*See id.* at 7.)

### C.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D.  Individual Causation

Defendants argue that Plaintiff has failed to state a First Amendment free exercise claim against them. (*See* Defs.' P&As at 5-6.) "The right to the free exercise of religion is a precious American invention, distinguishing our Constitution from all prior national constitutions." *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993). "The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987). The protections of the Free Exercise Clause are

triggered when prison officials burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Freeman v. Arpaio,* 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by Shakur*, 514 F.3d at 884-85.

Defendants argue that Plaintiff's Complaint contains no factual allegations that would be sufficient for "establishing liability" against them as he is apparently seeking to hold them liable in their supervisory capacity.  (Defs.' P&As at 6.)   Specifically, Defendants argue that neither of them "had knowledge" of the allegation by Plaintiff that he was not receiving his RMA meals.  (Defs.' P&As at 4.) In addition, Defendants argue that "Plaintiff does not state who removed him from the RMA diet program, or determined he was non-compliant."  (*Id.* at 4-5.)

In his Opposition, Plaintiff acknowledges that he first notified "Rabbi Hadjadj, a Jewish Chaplain and NASL at RJD that he was not receiving RMA meals."  (Pl.'s Opp'n at 4.)  However, Plaintiff argues that Defendants were "members" of the Religious Review Committee ("RCC") and as members of this committee, they "hold knowledge of all inmates [who may or may not] be in compliance with religious dietary requirements."  (*Id.*) Moreover, Plaintiff claims Defendants "also possess the authority to approve/remove inmates from any diet program."  (*Id.*)

As Defendants rightly point out, they cannot be held liable simply by virtue of their supervisory roles.  This is because there is no *respondeat superior* liability under Section 1983.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." (emphasis in original)).  As a result, in order to state a claim against either Defendant, Plaintiff must allege their "'personal involvement in the constitutional deprivation'" or "'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer*, 511 U.S. at 837).

Plaintiff's claim in his Opposition that Defendants were members of a committee that purportedly would have known that he was denied the right to participate in the RMA is not an allegation that is found in his Complaint. This alleged membership in this committee is the sole argument that Plaintiff makes in his Opposition to show that these Defendants were personally involved in the denial of his religious meals. The only specific allegation pertaining to these Defendants in the Complaint itself is Plaintiff's allegation that Defendants "both ignored rules set forth by both the CCR Title 15, section 3054.5 and Departmental Operations Manual (DOM) section 54080.14 in dealing with Plaintiff's first diet program violation." (Compl. at 3.)

Section 3054.5 of Title 15 of the California Code of Regulations requires, in part, that when there is an "alleged compliance violation" of the RMA, the report "shall be sent to the designated representative of the RCC, who shall consult with the inmate." CAL. CODE REGS., tit. 15 § 3054.5. This section also states that the "RCC shall make the final determination of continuing eligibility." *Id.* Here, in his Opposition, but again not in his Complaint, Plaintiff claims that Defendants, as members of the RCC, were required to make the eligibility determination and thus, by default they should have known that Plaintiff was allegedly wrongly denied participation in the RMA. (*See* Pl.'s Opp'n at 4.)

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).) A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff] complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, the Complaint contains no allegations that Defendants were members of the RCC, nor are there any allegations that Defendants played any direct role in the decision to deny or remove Plaintiff from the RMA. "Plaintiff must plead that each Government-

official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 676.

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's First Amendment claims for failing to state a claim upon which relief may be granted.

### E. <u>Fourteenth Amendment claims</u>

Plaintiff argues that the Defendants "lack of following the guidelines of the CCR, Title 15" is the basis "for liability in a § 1983 lawsuit." (Pl.'s Opp'n at 5.) However, Defendants argue that the purported failure to comply with § 3054.5 is not a constitutional violation. (*See* Defs.' P&As at 6.) The Court agrees. Violations of state regulations do not necessarily amount to a Fourteenth Amendment procedural due process violation in a § 1983 action. *See Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) (internal quotations omitted) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [§] 1983 offers no redress.")).

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But it does not "protect every change in conditions of confinement having a substantial impact on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Instead, process is due only before changes that inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff does not allege that any changes to his diet were a "dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest. *Id.* at 485.

/ / /

/ / /

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims for failing to state a claim upon which relief may be granted.

### F. RLUIPA claims

#### 1. Injunctive relief

Defendants argue that Plaintiff's claim for injunctive relief under RLUIPA are moot in light of the fact that he was "transferred to another prison that is not the subject of the underlying claim." (Defs.' Mot. at 7.) The claims giving rise to Plaintiff's action are alleged to have occurred when he was previously housed at RJD but at the time he filed his action he was housed in Centinela State Prison ("CEN") where he still remains. (*See* Compl. at 1.) Plaintiff argues that his "claim for injunctive relief cannot be moot when he has also asked for money damages." (Pl.'s Opp'n at 6.) However, the Court agrees that Plaintiff's claims for injunctive relief arising at RJD are moot. *See Dilley v. Gunn,* 664 F.3d 1365, 1368 (9th Cir. 1995) (An inmate's transfer to a different prison while conditions of confinement claims are pending moot any claims for injunctive relief.")

Therefore, Defendants' Motion to Dismiss Plaintiff's claims for injunctive relief is GRANTED.

#### 2. Monetary claims

Defendants also seek to dismiss Plaintiff's RLUIPA claims against them in their individual capacity. (Defs.' Mot. at 8.) Specifically, Defendants argue that "RLUIPA does not authorize suit against state actors acting in their individual capacity." (*Id.*, citing *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014)).

In 2011, the Supreme Court held that States do not "consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver." *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011). Therefore, monetary damages under RLUIPA are not available to state officials sued in their official capacity. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1112 (9th Cir 2010).

RLUIPA was enacted pursuant to Congress's "Spending Clause and Commerce Clause authority." *Sossamon*, 563 U.S. at 281. In *Wood*, the Ninth Circuit reasoned that because RLUIPA was enacted pursuant to the Spending Clause, the language of RLUIPA does not suggest Congress intended to hold government employees liable in their individual capacity. *See Wood* 753 F.3d at 904 (RLUIPA "does not authorize suits against a person in anything other than an official or governmental capacity, for it is only in that capacity that funds are received.") The Ninth Circuit, in agreeing with "unanimous conclusion of all of the other circuits," found that a prison official cannot be held liable for monetary damages in their individual capacities for alleged RLUIPA violations. *See Wood*, 753 F.3d at 901.

Accordingly, the Court finds that Plaintiff's claims for monetary damages and injunctive relief against Defendants in both their individual and official capacities for RLUIPA violations cannot proceed. Thus, Plaintiff's RLUIPA claims are dismissed without leave to amend as futile.

### G. **Qualified Immunity**

Defendants also move to dismiss on the ground that they are entitled to qualified immunity. Because the Court has found that Plaintiff has failed to state a claim against them, it need not reach any issues regarding qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[The better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all.").

### H. **Leave to Amend**

As mentioned, in light of Plaintiff's pro se status, the Court grants Plaintiff leave to amend to cure the deficiencies in his claims against Defendants, if he can, with the exception of his RLUIPA claim. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465

F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." (quotation omitted)).

Plaintiff's First Amended Complaint must be complete in itself, without reference to Plaintiff's original pleading, and any claims Plaintiff fails to reallege against any of the Defendants will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled"); *Hal Roach*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original.").

## IV. Conclusion and Orders

Accordingly, the Court:

(1) **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 10);

(2) **DISMISSES** Plaintiff's RLUIPA claims without leave to amend;

(3) **GRANTS** Plaintiff **forty-five (45) days** leave to file a First Amended Complaint. If Plaintiff fails to file a First Amended Complaint within the time provided, the Court will enter a final order dismissing this action in its entirety based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); and

**IT IS SO ORDERED**.

Dated: October 26, 2020

Hon. John A. Houston
United States District Judge