1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonquil THOMAS-WEISNER,<br><br>                                Plaintiff,<br><br>v.<br><br>Connie GIPSON, et al.,<br><br>                                Defendants. | Case No.:  19cv1999-JAH (BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 20]** |

For the reasons set forth below, this Court ADOPTS the Report and Recommendation ("Report") submitted by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1), Doc. No. 20, and Defendants' Motion to Dismiss ("Motion"), Doc. No. 16, is hereby GRANTED and this action is DISMISSED without leave to amend.

### BACKGROUND

On December 17, 2020, Plaintiff Jonquil Thomas-Weisner ("Plaintiff"), a state prisoner proceeding *pro se* and in forma pauperis, filed a first amended civil rights Complaint ("FAC") pursuant to 42 U.S.C. § 1983, alleging his rights under the United States Constitution were violated at the Richard J. Donovan Correctional Center ("RJD") by Defendants Patrick Covello and Lance Eshelman ("Defendants") when Plaintiff was removed from his Religious Meat Alternative ("RMA") diet after an alleged violation and was not provided an initial warning before removal.  *See* Doc. No. 15.

1

1   On January 4, 2021, Defendants filed the instant motion to dismiss pursuant to

2   Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the FAC for failure to state

3   a claim under the First Amendment and Fourteenth Amendment.  *See* Doc. No. 16.

4   Plaintiff filed a response in opposition to the motion to dismiss on January 21, 2021.

5   *See* Doc. No. 18.  Defendants subsequently filed their reply on March 4, 2021.  *See* Doc.

6   No. 19.

7   On August 20, 2021, Magistrate Judge Bernard G. Skomal submitted the Report to

8   this Court recommending that Defendants' motion to dismiss Plaintiff's FAC be granted

9   and that this action be dismissed.  *See* Doc. No. 20.

## DISCUSSION

11   The district court's role in reviewing a magistrate judge's report and

12   recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28

13   U.S.C. § 636(b)(1).  When a party objects to the magistrate judge's report and

14   recommendation, the district court "shall make a de novo determination of those portions of

15   the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in

16   part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1);

17   see also Fed. R. Civ. P. 72(b)(3).

18   When no objections are filed, the district court is not required to conduct a de novo

19   review of the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416

20   F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's

21   report and recommendation] is only required when an objection is made"); *United States

22   v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. §

23   636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's

24   findings and recommendations *de novo* if objection is made, but not otherwise"). This rule

25   of law is well established within the Ninth Circuit and this district.  *See Hasan v. Cates*,

26   No. 11–cv–1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in

27   its entirety, and without review, a report and recommendation because neither party filed

28   objections to the report despite having the opportunity to do so); *accord Ziemann v. Cash*,

1   No. 11–cv–2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); *Rinaldi v.*

2   *Poulos*, No. 08–cv–1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

3         Here, any objections to the Report were due by September 3, 2021.  *See* Doc. No.

4   20.  To date, no objections have been presented before the Court.  Thus, in the absence of

5   any objections, the Court ADOPTS the Report and the motion to dismiss is GRANTED

6   without leave to amend.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]

7   district court should grant leave to amend . . . unless it determines that the pleading could

8   not possibly be cured by the allegation of other facts").

9   **CONCLUSION AND ORDER**

10        For the reasons stated in the Report, which are incorporated herein by reference,

11  Defendants' motion to dismiss the FAC, Doc. No. 16, is **GRANTED**, and the action is

12  **DISMISSED** without leave to amend.  The Clerk of Court shall enter judgment reflecting

13  the foregoing.

14        **IT IS SO ORDERED**.

15

16  DATED:    September 9, 2021

17

18  _____

19  JOHN A. HOUSTON

    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

3