UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonquil THOMAS-WEISNER,<br><br>                          Plaintiff,<br><br>v.<br><br>Connie GIPSON, *et al.*,<br><br>                         Defendants. | Case No.: 19-cv-01999-JAH-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMNT OF COUNSEL**<br><br>**[ECF No. 27]** |

      Plaintiff Jonquil Thomas-Weisner is a state prisoner proceeding *in forma pauperis* ("IFP") and *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff's Motion for Appointment of Counsel is currently pending before the Court. (ECF No. 27.) Specifically, Plaintiff filed form titled "Request for Appointment of Counsel Under The Civil Rights Act of 1964, 42 U.S.C. 2000e 5(f)(1); Declaration in Support of Request[.]" (*Id.* at 1.) In support of his request, Plaintiff's request represented that (1) his claim is meritorious, (2) he has made a reasonably diligent effort to obtain counsel, and (3) he was unable to find an attorney willing to represent him on terms that he can afford. (*Id.* at 1.) Further, Plaintiff indicated that he has not made an effort to make

contact with an attorney "due to the lack of resources from incarceration" and is "unable to pay for [an] attorney." (*Id.* at 3.)

Plaintiff seeks appointment of counsel pursuant to 42 U.S.C. § 2000e–5. (*Id.* at 1.) "This statute, however, concerns appointment of counsel in employment discrimination matters." *Moore v. Greyhound Bus Lines, Inc.*, No. 15-CV-1186-CAB (MDD), 2016 WL 10676103, at *1 (S.D. Cal. Feb. 5, 2016). Since Plaintiff's Second Amended Complaint did not assert any employment discrimination claims, 42 U.S.C. § 2000e–5 does not apply here.

Regardless, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-appointed attorney in section 1983 claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). District Courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989); *Palmer*, 560 F.3d at 970. "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these issues is dispositive and both must be viewed together before making a decision." *Id.*

Plaintiff requested that the court appoint him an attorney because he is unable to afford a lawyer. (ECF No. 27 at 3.) However, this alone does not entitle Plaintiff to the appointment of counsel. *See Thornton*, 2011 WL 90320, at *6 ("First, [plaintiff] repeats his assertion that he cannot afford counsel by referring to his request to proceed in forma

pauperis. [. . .] Even though he was granted in forma pauperis status [. . .], his argument is not persuasive because indigence alone does not entitle a plaintiff to appointed counsel.").

Notwithstanding, the Court has discretion in requesting an attorney to represent Plaintiff upon a showing of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103 (citing *Wilborn*, 789 F.2d at 1331); *Thornton*, 2011 WL 90320, at *3 ("But even after a plaintiff [establishes that he is indigent], 'he is entitled to appointment of counsel only if he can [also] show exceptional circumstances.'"). In determining whether exceptional circumstances are present, the Court will evaluate (1) Plaintiff's likelihood of success on the merits and (2) Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* The Court address each issue in turn.

## I. Likelihood of Plaintiff's Success on the Merits

Despite the statement that "my claim is meritorious" (ECF No. 27 at 1), Plaintiff offered no argument or evidence to the effect that he has a likelihood of success on the merits in support of his motion. And when a Plaintiff provides no evidence of his likelihood of success at trial, he fails to satisfy the first factor of the *Wilborn* test. *See*, *e.g.*, *Eusse v. Vitela*, No. 3:13-CV-00916-BEN, 2015 WL 4404865, at *2 (S.D. Cal. July 2015) (holding that the plaintiff failed to satisfy the first *Wilborn* factor by not providing any evidence aside from his own assertions regarding the likelihood of success on the merits); *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that the plaintiff failed to satisfy the first *Wilborn* factor where he offered "no evidence other than his own assertions to support his claims."). Although Plaintiff's Complaint survived screening based on the facts alleged, those allegations present only one view of the case and does not demonstrate a likelihood of success on the merits. *See*, *e.g.*, *Williams v. Ortega*, No. 18CV547-LAB-MDD, 2020 WL 6807410, at *2 (S.D. Cal. Oct. 2020) ("The Court notes that Plaintiff's claims are not particularly complex, and although sufficient to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits."); *Medrano v. Ortega*, No. 319CV00423-AJB-MDD, 2019 WL 2191348, at *3 (S.D. Cal. May 2019) (denying appointment of counsel when it was too early to determine whether here is a

likelihood of success on the merits despite surviving the initial screening). Therefore, without any evidence supporting a likelihood of success on the merits, the Court concludes that Plaintiff has failed to satisfy the first Wilborn factor.

## II.   Plaintiff's ability to articulate his claims *pro se*

Where a *pro se* civil rights plaintiff shows that he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Eusse*, 2015 WL 4404865, at *2 ("[W]here a pro se civil litigant shows he has a good grasp of basic court procedure and sets forth the factual and legal basis for his claims in a straightforward manner, he is not entitled to court-appointed counsel."). As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel." *Garcia v. Cal. Dep't of Corrections & Rehab.*, No. 12CV1084-IEG-KSC, 2013 WL 485756, at *1 (S.D. Cal. Feb. 2013). However, whether a litigant would have fared better with or without counsel is not the test for appointment of counsel. *Thornton v. Schwarzenegger*, No. 10CV01583-BTM-RBB, 2010 WL 3910446, at *5 (S.D. Cal. Oct. 2010). It is for this reason that federal courts employ procedures that protect a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In *pro se* civil rights cases, a court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, where a *pro se* plaintiff can articulate his claims in light of their relative complexity, there are no exceptional circumstances to justify appointment of counsel. *Garcia,* 2013 WL 485756, at *1 (citing *Wilborn*, 789 F.2d at 1331).

In this case, Plaintiff contends that Defendant Patrick Covello and Defendant Lance Eshelman ("Defendants") violated the First Amendment's Free Exercise Clause by removing him from his Religious Meat Alternative ("RMA") diet after an alleged violation without providing an initial warning before removal. (ECF No. 26.)

After reviewing the Second Amended Complaint and other pleadings, the Court finds that the issues Plaintiff raises are not particularly complex. The Court also understands Plaintiff's claims and the relief sought. Further, Plaintiff demonstrated a good grasp on basic litigation procedure, as evidenced by his ability to state a claim in his original complaint as well as his two amended complaints, his ability to attach exhibits to his complaints, his ability to properly fill out and serve the summons, his Motion for Leave to Proceed *in forma pauperis*, and his Motion for Appointment of Counsel. (*See* ECF Nos. 1, 2, 3, 12, 15, 18, 24, 26.) These filings suggest that the Plaintiff can adequately navigate the legal process. *See Thornton v. Schwarzenegger*, No. 10CV01583-BTM-RBB, 2011 WL 90320, at *6 (S.D. Cal. Jan. 2011) (citing *Plummer v. Grimes,* 87 F.3d 1032, 1033 (8th Cir.1996) (finding the district court did not abuse its discretion in denying plaintiff counsel, in part because plaintiff adequately filed a complaint and other pretrial materials)).

The circumstances cited by Plaintiff are typical of almost every *pro se* prisoner civil rights plaintiff and alone are insufficient to demonstrate the "exceptional circumstance" required to justify appointment of counsel. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Marquez v. United States*, No. 318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018) ("[M]any of Plaintiff's assertions, such as limited education, no legal training, and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances."); *Galvan v. Fox*, No. 2:15-CV-01798-KJM-DB, 2017 WL 1353754, at *8 (E.D. Cal. Apr. 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel."); *Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3–*4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Eusse*,

19-cv-01999-JAH-BGS

2015 WL 4404865, at *2 ("[T]hese discovery concerns, as well as Plaintiff's limited access to the prison library, do not present "exceptional circumstances," but rather illustrate the difficulties any prisoner would have litigating *pro se*.").

In sum, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se,* given the complexity of the issues involved, and concludes that Plaintiff has failed to satisfy the second Wilborn factor.

## III.   CONCLUSION

Accordingly, the Court does not find exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's Motion for Appointment of Counsel (ECF No. 27) is **DENIED without prejudice.**

**IT IS SO ORDERED**.

Dated: February 16, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge