UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonquil THOMAS-WEISNER,<br><br>                              Plaintiff,<br><br>v.<br><br>Connie GIPSON, *et al.*,<br><br>                              Defendants. | Case No.:  19-cv-01999-JAH-BGS<br><br>**REPORT & RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Jonquil Thomas-Weisner ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  (*See* ECF Nos. 1, 5.) In the Second Amended Complaint ("SAC"), Plaintiff alleged that Defendants violated the First Amendment's Free Exercise Clause by removing him from his Religious Meal Alternative ("RMA") diet.  (*See* ECF No. 26.)  Defendant Patrick Covello and Defendant Lance Eshelman ("Defendants") moved to dismiss Plaintiff's SAC on grounds that the conduct attributed to the Defendants is not sufficient to maintain a § 1983 lawsuit, (ECF No. 28 at 10); that Plaintiff's SAC failed to state a cause of action for violation of the Free Exercise Clause, (*Id.* at 12); and that the Defendants are entitled to qualified immunity, (*Id.* at 13).(ECF No. 28.)  The Plaintiff filed an Opposition to the Motion to the Dismiss ("Opposition") and Defendants filed a Reply in support of their motion ("Reply").  (ECF Nos. 33, 34.)

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. Based on the documents and evidence presented, and for the reasons set forth below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's SAC (ECF No. 26) be **GRANTED** and that this action be **DISMISSED WITHOUT LEAVE TO AMEND.**

### I. PROCEDURAL BACKGROUND

On October 17, 2019, Plaintiff initially filed this action pursuant to 42 U.S.C. § 1983 and filed a Motion to Proceed IFP. (*See* ECF Nos. 1, 2.) On January 8, 2020, the Court granted Plaintiff's Motion to Proceed IFP and dismissed Defendants Gipson and Voong for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915 (e)(2(b)(ii), 1915A(b)(1). (*See* ECF No. 5.) However, the Court found that the allegations in Plaintiff's Complaint as to his First Amendment Free Exercise Clause and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims were "sufficient to survive the 'low threshold' set for sua sponte screening pursuant to 28 U.S.C. § 1915 (e)(2(b)(ii) and § 1915A(b)(1)." (*Id.* at 8–9.) Thus, the Court directed the United States Marshal Service to effect service of the remaining claims in Plaintiff's Complaint on Defendants Covello and Eshelman. (*See id*.)

On May 11, 2020, Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 10.) Plaintiff filed his Opposition to Defendant's Motion, to which Defendant filed a Reply. (*See* ECF Nos. 12, 13.) On October 26, 2020, the Court issued its order granting Defendants' Motion to Dismiss Plaintiff's Complaint with leave to amend. (ECF No. 14.)

On December 17, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 15.) Defendants filed another Motion to Dismiss on January 4, 2021. (ECF No. 16.) On August 20, 2021, Judge Skomal issued a Report and Recommendation, wherein he recommended that Defendants' Motion to Dismiss be granted. (ECF No. 20.) On

November 15, 2021, Judge Houston issued an Order adopting the Report and Recommendation and dismissed Plaintiff's FAC with leave to amend. (ECF No. 25.)

Plaintiff's SAC was filed on January 3, 2022 and contains a single cause of action under the First Amendment for violation of the Free-Exercise Clause. (ECF No. 26.) On January 20, 2022, Defendants filed their Motion to Dismiss Plaintiff's SAC. (ECF No. 28.) Plaintiff filed his Opposition on April 11, 2022, and Defendants filed a reply in support of their motion on April 20, 2022. (ECF Nos. 33, 34.)

## II. FACTUAL BACKGROUND

In the SAC, Plaintiff maintained that he participated in the RMA diet while incarcerated at California Substance Abuse Treatment Facility (SATF) until he was transferred to RJD on January 5, 2018. (ECF No. 26 at 2.) While at RJD, Plaintiff claimed that he then submitted a CDCR Form-22 explaining his dietary needs on January 8, 2018. (*Id.* at 3.) Plaintiff stated that he submitted a CDCR Form-602 grievance on January 11, 2018 after no response. (*Id.*) On February 16, 2018, Plaintiff alleged that he was "informed that he was being removed from the RMA program without his initial warning per Title 15 Section 3054.5[.]" (*Id.*)

Five months later, in June 2018, Plaintiff stated that he filed another CDCR Form-602 grievance after his CDCR Form-3030 was denied. (*Id.*) Plaintiff alleged that Defendant Eshelman reviewed and denied this grievance on August 30, 2018, which Plaintiff claimed "further hinder[ed] the practice of [his] religious right, as well as, violating his [First] Amendment rights." (*Id.*) Plaintiff then alleged that "Defendant Covello held that Title 15 section 3054.5 did not apply to Plaintiff's request for RMA because it was '[. . .] treated as new, and denied after the review process revealed noncompliant canteen purchase[.]" (*Id.*) Plaintiff maintained that Defendant Covello "violated [his] [First] Amendment right by not providing him with a meal sufficient to sustain him in accordance to his belief." (*Id.* at 4.) Plaintiff argued that he "has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks." (*Id.* at 5.)

### III. MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A motion to dismiss should be granted if the plaintiff or petitioner fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Federal Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[T]hreadbare recitals" of the elements of a cause of action, "supported by mere conclusory statements," are not enough. *Ashcroft v. Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. On the other hand, "[a] document filed pro se is 'to be liberally construed,' [. . .] and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### IV. DISCUSSION

In his SAC, Plaintiff alleged that the Defendants violated his First Amendment rights for their alleged actions regarding his RMA diet. (ECF 26 at 3–4.) Defendants moved to dismiss Plaintiff's SAC in its entirety on the grounds that the conduct attributed to the

Defendants is not sufficient to maintain a § 1983 lawsuit, (ECF No. 28 at 10); that Plaintiff's SAC failed to state a cause of action for violation of the Free Exercise Clause, (*Id.* at 12); and that the Defendants are entitled to qualified immunity, (*Id.* at 13).

### A. 42 U.S.C. §1983 Standard

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Section 1983 offers no substantive legal rights, but rather provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Section 1983 is a 'vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials.'" *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006)). "To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* at 1035–36 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (citing *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000), *Price v. Hawaii*, 939 F.2d 702, 707–09 (9th Cir. 1991), and *Iqbal*, 556 U.S. at 678).

Fundamentally, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *See Pino v. Ladd*, No. 1:13CV01593-DLB-PC, 2014 WL 1102721, at *3 (E.D. Cal. Mar. 2014) (citing *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996)). Therefore, considering that Plaintiff alleged that the Defendants' conduct hindered his full and safe participation of his religion due to their alleged participation in removing Plaintiff from his RMA diet, (ECF No. 26 at 2), Plaintiff's religion claim is properly analyzed under the First Amendment. *See Pino*, 2014 WL 1102721, at *3 (finding

that Plaintiff did not have a Fourteenth Amendment claim since his claim regarding his religious practice was properly analyzed under the First Amendment).

Inmates do retain the protections afforded to them under the First Amendment, including the free exercise of their religion, while incarcerated. *See McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)). Free exercise rights, however, are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain security." *Id.* The protections of the Free Exercise Clause are triggered when prison officials burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *See Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008). The Ninth Circuit has held that inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993).

"The right to the free exercise of religion is a precious American invention, distinguishing our Constitution from all prior national constitutions." *Id.* at 876. "The right to exercise religious practices and beliefs does not terminate at the prison door. [. . .] The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987). The protections of the Free Exercise Clause are triggered when prison officials burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *See Shakur*, 514 F.3d at 884; *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by *Shakur*, 514 F.3d at 884–85.

### B. The Conduct Attributed to the Defendants Does Not Amount to a Constitutional Violation

Defendants argued that the conduct attributed to Defendant Covell and Defendant Eshelman did not amount to a constitutional violation. (ECF No. 28 at 10.) Defendants maintained that the SAC makes no allegation that either Defendant was responsible for

transferring the Plaintiff's religious diet, nor in providing notice to the Plaintiff.  (*Id.* at 11.)  Defendants claimed that Plaintiff only alleged that the Defendants only handled his grievances.  (*Id.*)

Plaintiff claimed that Defendant Eshelman reviewed and denied his grievance, citing to Exhibit D.  (ECF No. 26 at 3.)  Exhibit D indicates that on August 30, 2018, Defendant Eshelman reviewed and denied Plaintiff's grievance.  (*Id.* at 25.)  As regards to Defendant Covello, Plaintiff alleged that Defendant Covello also denied his grievance by mistakenly finding that Title 15 Section 3054.5 did not apply to Plaintiff and treated him as a new request.  (*Id.* at 3.)  Plaintiff claimed that Defendant Covello violated Plaintiff's First Amendment right by not providing him with a meal sufficient to sustain him in accordance with his belief.  (*Id.* at 3–4.)

However, since there is no *respondeat superior* liability under 42 U.S.C. § 1983, defendants cannot be held liable simply by virtue of their supervisory roles.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").  In order for Plaintiff to state a claim against either Defendant, Plaintiff would have to allege their "'personal involvement in the constitutional deprivation'" or "'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), abrogated on other grounds by *Farmer*, 511 U.S. at 837); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

Plaintiff failed to allege any personal involvement by the Defendants in the transfer of his RMA to RJD.  The only specific conduct that Plaintiff attributed to both Defendants was their participation in the grievance process.  However, the act of denying a grievance, without more, cannot sustain a § 1983 lawsuit.  *See Henderson v. Muniz,* 196 F.Supp.3d

1092, 1105 (N.D. Cal., 2016). Moreover, the Plaintiff cannot state a § 1983 claim based solely on Defendants' role in the inmate appeals process. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. [. . .] Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Revis v. Syerson*, No. 2:12-CV-2751-MCE-EFB, 2015 WL 641629, at *5 (E.D. Cal. Feb. 2015) ("[Defendant's] signing of the Second Level Response is insufficient personal participation."), *subsequently aff'd sub nom. Revis v. Roche*, 659 F. App'x 453 (9th Cir. 2016); *Lopez v. Peterson*, No. 2:98-CV-2111-LKK-EFB, 2013 WL 3994466, at *16 (E.D. Cal. Aug. 2013) ("[T]he prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing and denying inmate appeals cannot serve as a basis for liability under section 1983."), *report and recommendation adopted*, No. 2:98-CV-2111-LKK, 2013 WL 5946182 (E.D. Cal. Nov. 2013); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1018 (C.D. Cal. Jan. 2013) ("Plaintiff cannot state a section 1983 claim based solely on [the Defendant's] role in the inmate appeals process."); *Lamon v. Junious*, No. 109CV00484GSAPC, 2009 WL 3248173, at *4 (E.D. Cal. Oct. 2009) ("[T]he involvement of prison personnel in reviewing and issuing decisions on Plaintiff's inmate appeals does not provide a basis for the imposition of liability on them for the conduct of others."). And "the denial of a grievance does not retroactively cause the prior harm." *Tate v. Hernandez*, No. CV195089PHXSPLJFM, 2020 WL 4926353, at *4 (D. Ariz. July 2020), *report and recommendation adopted*, No. CV1905089PHXSPLJFM, 2020 WL 4922073 (D. Ariz. Aug. 2020).

Therefore, accepting all the allegations regarding Plaintiff's claims as to Defendant Covello and Defendant Eshelman as true and construing them in the light most favorable to the non-moving party, Plaintiff has failed to state a cognizable claim that is plausible on its face that the Defendants' conduct resulted in a constitutional violation. Accordingly, IT IS THEREFORE RECOMMENDED that the Court find that Plaintiff's SAC be DISMISSED as to both Defendants for failing to allege the Defendants' personal involvement, or a sufficient causal connection, in the alleged constitutional deprivation.

### C. Violation of California Code of Regulations

Plaintiff alleged that Defendant Covello erroneously applied Title 15, § 3054.5 of the California Code of Regulations by treating Plaintiff's request for RMA as new. (ECF No. 26 at 3.) Plaintiff submitted that he was previously approved for an RMA diet May 27, 2014 at his previous institution, SATF. (*Id.* at 2, 7.) Plaintiff alleged that any restrictions pertaining to a religious diet do not apply until after the inmate is approved into the program. (*Id.* at 3–4.) Plaintiff claimed that Defendant Covello violated his First Amendment right by not providing him with a meal sufficient to sustain him, in accordance to his belief. (*Id.* at 4.) Defendants contended that a violation of Title 15, § 3054.5 of the California Code of Regulations would not amount to a 42 U.S.C. § 1983 cause of action. (ECF No. 28 at 11.)

Failing to comply with state laws, including the California Code of Regulations and Department of Operations Manual, does not amount to constitutional violation. *Garcia v. L.A. Cty. Sheriff Dep't*, No.CV1508329DOCDFM, 2017 WL 275597, at *6 (C.D. Cal. Jan. 2017) ("Section 1983 offers no redress for a violation of a state law or state-mandated procedure that does not amount to a constitutional violation.") (citing *Sweaney v. Ada Cty.*,119 F.3d 1385, 1391 (9th Cir. 1997)). Only violations of the federal constitution or federal law are cognizable under 42 U.S.C. § 1983. *Canell v. Oregon Dep't of Just.*, 811 F. Supp. 546, 550 (D. Or. 1993) (citing *Williams v. Treen,* 671 F.2d 892 (5th Cir. 1982), *cert. denied,* 459 U.S. 1126 (1983)). Specifically, there is no independent cause of action under § 1983 for violations of California Code of Regulations Title 15 § 3045.5 or other similar regulations. *See*, *e.g.*, *King v. Los Angeles Cnty. Sheriff's Dept.*, 672 F. App'x 701, 702 (9th Cir. 2016) ("Dismissal of King's claims alleging violations of Title 15 of the California Code of Regulations was proper because the cited regulations do not create a private right of action."); *Nible v. Fink*, No. 16-CV-02849-BAS-RBM, 2019 WL 2611102, at *4 (S.D. Cal. June 2019) ("[V]iolations of Title 15 of the California Code of Regulations ... do not create a private right of action."), *aff'd*, 828 F. App'x 463 (9th Cir. 2020); *Wallace v. Olson*, No. 3:16-CV-1917-AJB-NLS, 2017 WL 1346825, at *6 (S.D. Cal. Apr. 2017)

("[T]o the extent Plaintiff's FAC and exhibits focus almost exclusively on [Defendants'] alleged failures to properly follow CDCR Title 15 prison regulations governing the processing of his inmate appeals, he has failed to state a claim upon which § 1983 relief can be granted."), *aff'd*, 715 F. App'x 797 (9th Cir. 2018).

In the present case, Plaintiff claimed that Defendant Covello allegedly violated Title 15, § 3054.5 of the California Code of Regulations. (ECF No. 26 at 3–4.) However, this does not amount to a § 1983 cause of action. *See King*, 672 F. App'x at 702; *Nible*, 2019 WL 2611102, at *4. Thus, Plaintiff cannot prove an essential element of his claim, i.e., that a federal constitutional right has been violated. Accordingly, IT IS THEREFORE RECOMMENDED that the Court find that Plaintiff's SAC be DISMISSED for failing to establish that a federal constitutional right had been violated since Defendant Covello's alleged violation of Title 15, § 3054.5 did not amount to a § 1983 cause of action.

### D. Violation of the First Amendment Free Exercise Clause

In his Opposition, Plaintiff alleged that Defendants substantially burdened his religious practice because he was denied his dietary needs. (ECF No. 33 at 5.) Plaintiff claimed to have made his dietary needs known on January 8, 2018 but did not receive RMA until December 4, 2019. (*Id.*) Plaintiff maintained that he went without an RMA for 695 days. (*Id.*)[1]

Defendants asserted that Plaintiff was not substantially burdened because he was able to consume side dishes and was able to purchase canteen food items. (ECF No. 28 at 12.) Defendants also claimed Plaintiff's purchase of pork rinds goes to show that Plaintiff was not sincere. (*Id.*) Defendants maintained that neither Defendant was responsible for transferring Plaintiff's diet nor supplying notice. (*Id.*) Defendants claimed that they both appropriately responded to Plaintiff's grievance by reviewing his file and treating his

---

[1] These 695 days included his stay at RJD and CEN. (ECF Nos. 26 at 2, 4; 33 at 7.) Of note, Plaintiff was transferred to RJD on January 8, 2018. (ECF No. 26 at 2.) Plaintiff was thereafter transferred to CEN on August 3, 2018. (ECF No. 33 at 7.)

complaint as a new application for a religious diet. (*Id.*) Defendants claimed that Plaintiff cannot state a claim under the First Amendment's Free Exercise Clause since Plaintiff made no allegation that their conduct was intentional and unreasonable. (*Id.*)

To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–50, (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015). A "[p]laintiff must allege conscious or intentional acts that burden his free exercise of religion." *Lewis v. Mitchell*, 416 F. Supp. 2d 935, 944 (S.D. Cal. 2005) (holding negligence is insufficient to state a valid Section 1983 claim for the violation of free exercise rights); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1214 (9th Cir. 2017) (Bybee, J., concurring) ("[I]t is now beyond question that § 1983 requires proof of intentional, not merely negligent, acts depriving a party of his constitutional rights"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff has failed to plausibly allege that the Defendants substantially burdened his exercise of a sincerely held religious belief. The Defendants sole involvement was their review and denial of his grievance. (*See* ECF No. 26.) Participation in the grievance procedure does not establish a sufficient causal connection to Plaintiff's alleged constitutional violation. *See supra* at Section III(B). Further, the Defendants were not responsible for the transfer of Plaintiff's RMA diet card to RJD. Plaintiff has also failed to plausibly allege that Defendants, in denying his grievance, intended to burden Plaintiff's free exercise of religion.

Notwithstanding, Plaintiff has also failed to plausibly allege that the Defendants' conduct in denying Plaintiff's grievance was unreasonable. The Defendants' reviewed Plaintiff's grievance and, given the negative results from a search for previous approvals for RMA, applied the appropriate regulation. (ECF No. 26 at 30.) The Defendants deemed

Plaintiff's request as a new request for an RMA and indicated that a notice was not required for a new request. (*Id.*) The Second Level Appeal Response indicated that due to Plaintiff's undisputed violation by purchasing an item inconsistent with RMA, Plaintiff had to wait 6 months to re-apply. (*Id.*) To the extent Plaintiff alleged that the Defendants applied the wrong regulation in regard to his allegation that he did have a previous approval for RMA, such a violation of the California Code of Regulations does not amount to constitutional violation. *See supra* at Section III(C). Further, inmates do not maintain a constitutional right to effective grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, IT IS THEREFORE RECOMMENDED that the Court find that Plaintiff's SAC be DISMISSED for failing to plausibly allege a claim under the Free Exercise Clause.

### E. Injunctive Relief

In his SAC, Plaintiff requested injunctive relief against the Defendants "to stop hindering inmates from receiving or participating in the Religious Diet Program." (ECF 26 at 5.) However, Judge Houston previously dismissed, without leave to amend as futile, Plaintiff's RLUIPA claims which included the same request for injunctive relief. (ECF No. 14 at 9–10.)

Notwithstanding, Plaintiff currently resides at CEN. (ECF No. 26 at 1–2.) Claims for non-monetary relief brought under 42 U.S.C. § 1983 are moot if the prisoner-plaintiff is no longer subject to the alleged illegal conduct. *Wiggins v. Rushen*, 760 F.2d 1009, 1010–11 (9th Cir. 1985) ("In these circumstances, where the complainant was no longer subject to the allegedly illegal activity, the complaint for an injunction became moot."). In particular, injunctive relief claims should be dismissed when a prisoner is transferred to another prison that is not the subject of the underlying claim. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Dilley v Gunn,* 64 F.3d 1365, 1369 (9th Cir. 1995) (prisoner-plaintiffs must demonstrate a "reasonable expectation" that they will be transferred back in order to receive injunctive relief.")

The Plaintiff alleged no facts indicating he could be transferred back to RJD. (ECF No. 26.) Plaintiff also added that he is seeking injunctive relief for future prisoners. (ECF No. 33 at 7.) However, Plaintiff is no longer subject to the alleged illegal conduct from RJD and has not demonstrated a "reasonable expectation" that he will be transferred back to RJD, making his claim for injunctive relief moot. Therefore, it is recommended that Plaintiff's reasserted request for injunctive relief be DISMISSED.

### F. Qualified Immunity

Defendants also moved to dismiss on the ground that they are entitled to qualified immunity. Because the Court has found that Plaintiff has failed to state a claim against them, it need not reach any issues regarding qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[The better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all."); *Ochoa v. City of Mesa*, 26 F.4th 1050, 1058 (9th Cir. 2022) ("Because we agree that there was no Fourteenth Amendment violation and affirm summary judgment on that basis, we do not address the second prong of the qualified-immunity test described by the Supreme Court in *Saucier v. Katz*[.]").

## II. CONCLUSION & RECOMMENDATION

For the reasons discussed, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** Defendants' Motion to Dismiss (ECF No. 28); and (3) **DISMISSING** Plaintiff's SAC with prejudice.

**IT IS ORDERED** that no later than **July 6, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objection to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 20, 2022**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: June 14, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge