UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONQUIL THOMAS-WEISNER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01999-JAH-BGS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION WITHOUT PREJUDICE**<br><br>**(ECF No. 38).** |

On July 14, 2022, the Court issued an order adopting Magistrate Judge Bernard G. Skomal's report and recommendation and granting Defendants' motion to dismiss without leave to amend. (ECF No. 36). On August 18, 2022, Plaintiff Jonquil Thomas-Weisner ("Plaintiff") filed a motion for reconsideration of the Court's order. (ECF No. 38). Thereafter, Plaintiff filed a Notice of Appeal from the order adopting the report and recommendation and granting the motion to dismiss. (ECF No. 40).

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *Davis v. United States*, 667 F. 822, 824 (9th Cir. 1982). A notice of appeal does not divest the district court of jurisdiction if, at the time it was filed, "there was a pending motion for reconsideration." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)). Specifically, under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district

court rules on all motions for reconsideration filed no later than twenty-eight days after judgment is entered. Fed. R. App. P. 4(a)(4)(B)(i); *see also Miller v. Marriott Int'l., Inc.*, 300 F.3d 1061, 1063–64 (9th Cir. 2002); Fed. R. App. P. 4(a)(4)(A)(vi) (to toll time to appeal, motion under Fed. R. Civ. P. 60 must be filed "no later than 28 days after the judgment is entered").

Here, Plaintiff constructively[1] filed a Motion for Reconsideration on August 14, 2022, [ECF No. 38], and filed a Notice of Appeal on August 31, 2022, [ECF No. 38]. As such, Plaintiff's motion for reconsideration was filed *thirty* days after the Court entered judgment in this matter. Because Plaintiff's motion was not "pending" under Rule 4(a)(4)(B)(i) when Plaintiff filed a Notice of Appeal, this Court is divested of jurisdiction to rule on the pending motion for reconsideration. Accordingly, the motion for reconsideration is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED: September 27, 2022

                                                                            _____
                                                                            JOHN A. HOUSTON
                                                                            UNITED STATES DISTRICT JUDGE

---

[1] *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").